**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4590**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MARK DAVE HILL, a/k/a E, a/k/a Clarence Buckner, a/k/a Earl,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Charleston.  Patrick Michael Duffy, Senior District Judge.  (2:00-cr-00398-PMD-1)

Submitted:  January 22, 2019                    Decided:  January 24, 2019

Before MOTZ, KEENAN, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  Sean Kittrell, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charleston, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

The district court revoked Mark Dave Hill's supervised release and sentenced him to 14 months in prison followed by 12 months of supervised release. Hill appeals. His counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious issues for appeal, but questioning whether Hill's sentence is unreasonable due to the district court's failure to explain its reasons for the sentence. Hill was advised of his right to file a pro se supplemental brief, but has not done so. We affirm.

A district court must adequately explain a revocation sentence, whether the sentence is above, below or within the Sentencing Guidelines range. *See United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010). But when a defendant objects to an inadequate explanation for the first time on appeal, we review the sentence for plain error. *See United States v. Lynn*, 592 F.3d 572, 577 (4th Cir. 2010).

Hill's sentence was within the policy statement range of 8 to 14 months' imprisonment, based on his admitted Grade C violations of supervised release and his category VI criminal history. *See* USSG § 7B1.4 (2016). Our review is only for plain error, because Hill failed to preserve any objection to district court's explanation; he did not argue at the revocation hearing for a sentence other than the one he received, or urge the court to consider any particular sentencing factors. *See* 18 U.S.C. §§ 3553(a), 3583(e) (2012); *Lynn*, 592 F.3d at 580. Even if we assume the district court erred by failing to explain its sentence, Hill cannot establish plain error. His within-range sentence is presumptively reasonable, *United States v. Padgett*, 788, F.3d 370, 373 (4th

Cir. 2015), and Hill did not argue in the district court for a different sentence, *Lynn*, 592 F.3d at 580; *United States v. Massenburg*, 564 F.3d 337, 343-44 (4th Cir. 2009).

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the judgment of the district court. This court requires that counsel inform Hill, in writing, of the right to petition the Supreme Court of the United States for further review. If Hill requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Hill.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*